(5 App. Div. 168.)

PEOPLE ex rel. BUCKLEY v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. POLICE FORCE—ROUNDSMAN.

A roundsman does not hold a position by appointment, within Laws 1892, c. 577, providing that "no person holding a position by appointment * * * who is an honorably discharged soldier * * * shall be removed from such position, except for cause shown," but he is merely a patrolman assigned to special duty; no mention of such a position being made by Consolidation Act, § 265, as amended by Laws 1895, c. 569, stating of what the police force shall consist, though the fact that patrolmen had been detailed to duty as roundsmen was recognized by Laws 1894, c. 741, § 2, providing that the salary of patrolmen detailed as roundsmen shall not be less than $1,500 per year, and Consolidation Act, § 271, provided for the selection of sergeants of police from patrolmen assigned to duty as roundsmen. O'Brien, J., dissenting.

2. SAME—REMOVAL.

Remanding of a roundsman to patrol duty is not within the powers of the board of police, but of the chief of police, under Consolidation Act, § 266, as amended by Laws 1895, c. 569, providing that the chief of police shall assign to duty the members of the uniformed force, and shall have power to change. such assignment from time to time.

Appeal from special term, New York county.

Application by John Buckley for mandamus to Theodore Roosevelt and others. From an order denying the writ, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. M. K. Olcott, for appellant.
Theodore Connoly, for respondents.

INGRAHAM, J. The question is here presented whether the relator held the position of roundsman "by appointment," in the city of New York. Section 1 of chapter 577 of the Laws of 1892 provides that no person holding a position by appointment in any city or county of this state, or who may hereafter be appointed, receiving a salary from such city or county (unless he has been appointed for a definite term), who is an honorably discharged soldier, sailor, or marine, etc., shall be removed from such position, except for cause shown, after a hearing had. It appears that this relator was a patrolman on the police force, appointed in 1873. On March 29, 1895, after passing a satisfactory competitive examination, he was assigned to duty as a roundsman, receiving a certificate stating that the board of police did on the 29th day of March, 1895, appoint John Buckley to be a roundsman in the police force of the city of New York. On January 1, 1896, Buckley was remanded to patrol duty by resolution of the board of police.

We do not think that the relator can be said to have held a position by appointment, within the meaning of chapter 577 of the Laws of 1892. Consolidation Act, § 265, as amended by chapter 569 of the Laws of 1895, provides that the police force shall consist of a chief of police, six inspectors of police, captains of police, sergeants of police, detective sergeants, doormen, surgeons of police, and patrolmen. These are the ranks recognized by law in the police department. When this amendment of 1895 was passed, the fact that certain patrolmen had been detailed to duty as roundsmen was recognized by law as section 2 of chapter 741 of the Laws of 1894, provides that the salary of all patrolmen detailed as roundsmen shall not be less than $1,500 per annum. The position, however, is that of patrolman. That is his legal office, but he is detailed to perform additional services, and therefore receives additional compensation. So section 271 of the consolidation act provides for the promotion of officers, and that sergeants of police shall be selected from among the patrolmen assigned to duty as roundsmen; but still the legal definition of the office is that of patrolman, and his assignment to duty as roundsman is evidently a detail, rather than the appointment to a separate position. Section 265 (a section in relation to detective sergeants) is suggestive. There the chief of police was authorized to appoint, to perform detective duty, as many patrolmen as the board of police might determine to be necessary; but no authority is given, either to the chief of police or the commissioners, to appoint roundsmen. There is no provision of the act which speaks of roundsman as an independent position, or as a position distinct from that of patrolman; but he is always mentioned as a patrolman detailed as roundsman, or assigned to duty as roundsman. And this assignment to duty would not be an appointment to a position, but would come under section 266 of the consolidation act, as amended by chapter 569 of the Laws of 1895, by which the chief of police is directed to assign to duty the members of the uniformed force, and shall have power to change such assignment from time to time, whenever, in his judgment, the exigencies of the service may require such change. The position or office that the relator holds is that of patrolman. The exigencies of the service must often require the assignment to special duty of officers of the force, in the absence or disability of inspectors, captains, or sergeants; but such temporary assignment certainly would not be an appointment to a position, within the meaning of this act of 1892. This rank of roundsman appears to have been provided for as a detail or assignment of officers to special duty, rather than an independent position to which a patrolman was appointed. And the fact that the legislature provided that promotions to the rank of sergeant should be from those officers only who had been detailed to perform the duties of roundsmen, thus showing their fitness for the higher rank in performing these duties, is not at all inconsistent with the idea that the duties of roundsman were performed by a detailed patrolman, and not by a separate officer holding a separate position.

The appellant, however, claims that the resolution was void because, by the amendment to section 266 of the consolidation act by

the act of 1895, the chief of police was given the power to assign to duty the members of the uniformed force. That provision is as follows:

"He shall assign to duty the members of the uniformed force and shall have power to change such assignment from time to time whenever in his judgment the exigencies of the service may require such change."

We think that this power is exclusive, and that under it the superintendent, and the superintendent only, had power to change this detail or assignment to duty. The appellant having been detailed or assigned to duty as a roundsman before the passage of this act, the board of police had no power to change that assignment, and their attempt to exercise that power was therefore void.

For this reason the motion below should have been granted, and the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and BARRETT and RUMSEY, JJ., concur.

O'BRIEN, J. (dissenting). I agree with Mr. Justice INGRAHAM in his view that under chapter 569 of the Laws of 1895 the chief of police, and not the board of police, has the power to assign patrolmen to duty as roundsmen, and to cancel such appointments. In addition, it is provided by chapter 577 of the Laws of 1892 that "no person holding a position by appointment * * * who is an honorably discharged soldier * * * shall be removed from such position, except for cause shown after a hearing had." While, therefore, it may true, as said by the learned justice below, that "there is no such grade or rank in the police department established by law as that of roundsman," still I think a roundsman holds a "position," within the letter and spirit of the veteran act. Thus, by chapter 741, § 2, of the Laws of 1894, provision is made for additional salary; by section 271 of the consolidation act, as amended by chapter 569 of the Laws of 1895, sergeants of police are selected from among patrolmen assigned to duty as roundsmen; and, by rule 436 of the police board, it is provided that "inspectors, captains, sergeants and roundsmen each rank in their respective grades according to seniority of appointment." Moreover, pursuant to article 5, § 9, of the constitution, the relator was promoted to the position of roundsman over the heads of others who took the same competitive examination as he, for the reason that, as a veteran, he was entitled to a preference in the promotion to roundsman. Having in view, therefore, the provisions of the constitution and the laws referring to roundsmen, I think that where the commissioners, after examination, issue a certificate to a patrolman, detailing him as a roundsman, thus giving him a status which gives him an increased salary and makes him eligible for the position of sergeant, it is an appointment to a position, within the provisions of the veteran act. Upon both grounds, therefore, I think the order should be reversed.