(75 App. Div. 503.)

### PEOPLE ex rel. LEACH v. WOODBURY, Com'r.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. MUNICIPAL CORPORATIONS—STREET-CLEANING DEPARTMENT — SWEEPERS — ASSISTANT FOREMAN.

Greater New York Charter, c. 466, § 536, provides that members of the street-cleaning department shall be divided into two general classes, viz., the clerical and uniformed force; that the uniformed force shall be appointed by the commissioner, and consist of one general superintendent, section foremen, and sweepers. In fixing the compensation to be paid to employés, the section declares that there shall be paid to sweepers or drivers acting as assistants to the section or stable foreman $900, and to sweepers $720. *Held,* that the appointment of a sweeper as an assistant foreman was a mere detail in the department, which the sweeper could hold only at the discretion of the commissioner.

2. SAME—DISCHARGE—ABSENCE WITHOUT LEAVE.

Under Greater New York Charter, § 537, providing that absence without leave of any member of the uniformed force of the street department for five consecutive days shall be deemed a resignation, the commissioner has power to dismiss a street sweeper, who had been appointed as an assistant foreman, without notice, where he was absent without leave for more than five consecutive days.

Appeal from special term, New York county.

Application by the people, on the relation of Michael Leach, for a writ of mandamus against John McG. Woodbury, commissioner of street cleaning of New York City, to compel relator's restoration to the position of assistant section foreman in the department. From an order denying the application, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William C. Reddy, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J. The relator was a member of the uniformed force in the department of street cleaning in the borough of Manhattan, in the city of New York, and on August 15, 1899, was examined by the municipal civil service board as an applicant for the position of assistant section foreman, was found duly qualified, and placed upon the eligible list for appointment to said position, and subsequently, on January 20, 1900, he was notified by the chief clerk of the said department of street cleaning to report for assignment to duty as assistant foreman in said department. It also appears that he reported for duty and was assigned as an assistant foreman in the Eighth section of the said department, at a compensation of $17.26 per week, and remained in the performance of the duties of this position until January 5, 1902, when notice was given to him that he was reduced to the grade of a sweeper in the department, at a salary of $720 a year. The relator seems to have refused to perform the duties of sweeper; and having refused to perform any work after he had been reduced, or to present himself for duty under this assignment, he was on January 21, 1902, discharged from the department for being absent for more than five days without authority from

the commissioner, and this proceeding is brought to compel the commissioner to reinstate him in the position of assistant foreman.

The relator alleges that he is an honorably discharged soldier of the Union Army during the war of the Rebellion, having enlisted in 1861, and having been discharged in 1863, and that for this reason the commissioner had no authority or power to discharge him without giving him an opportunity to be heard. In reply to the application, the commissioner alleged that upon assuming the office of street-cleaning commissioner, on January 1, 1902, he found that in several of the sections into which the city had been divided there were 4, and in some 5, sweepers detailed as acting assistants to the section foreman; that the deponent ascertained that 1 or 2 detailed sweepers as acting assistants to section foremen were quite sufficient for each section, and therefore on January 4, 1902, he ordered over 80 acting assistants to section foremen to be relegated to their former duties as sweepers; that the relator was one of the said number, he having prior to January 4, 1902, been detailed as an acting assistant to section foreman in the Seventh section; that in this section there were at that time 27 sweepers, 1 section foreman, and 3 acting assistants to section foreman; that the petitioner was informed on the 4th day of January, 1902 that he had thereafter to perform the duty of a regular sweeper; that he did not report for duty in that position, but absented himself from his section for more than five days, whereupon on January 21st, he was dismissed from the department, having been absent from duty without leave for more than five consecutive days; that subsequently, on February 15, 1902, notice was sent to the relator to appear at the office of the department and present whatever grievance he had before the department, so that it could be rectified; that that hearing was adjourned until Tuesday, March 4, 1902, but on that day the relator made no appearance before the commissioner; that on March 7, 1902, a further notice was sent for him to appear on March 11, 1902, but that the relator failed to appear on that day, and no appearance was made on his behalf. The respondent also alleged that no notice had ever been given him that the relator was an honorably discharged soldier of the Civil War, nor did any record thereof appear in the department of street cleaning, and that there was no position in the department known as acting assistant of section foreman; that the same was a mere detail.

By section 536 of the charter (chapter 466, Laws 1901), it is provided that the members of the department of street cleaning shall be divided into two general classes, to be designated, respectively, the "clerical force" and the "uniformed force"; that "the uniformed force shall be appointed by the commissioner of street cleaning and shall consist of one general superintendent, * * *; section foremen not exceeding one hundred and twenty-five in number; * * * and sweepers not exceeding thirty-one hundred in number." There is thus in the department no regular position of "assistant to section foreman." In fixing the compensation to be paid to employés in the department, the same section provides that there shall be paid "sweepers or drivers acting as assistants to the section or stable

foreman nine hundred dollars," but the distinction between the permanent positions and the details to special duties is here clearly pointed out. When a sweeper is acting as an assistant foreman, he is to have higher pay than when acting as a sweeper; but a detail to act as an assistant foreman was not an appointment to a distinct position in the department, which prevented the commissioner from revoking the detail. It is not disputed but that the relator was duly appointed as sweeper, and such was his position in the department. He was detailed by the commissioner to act as an assistant to a section foreman, and while thus detailed he was entitled to be paid $900 a year, instead of $720 paid to sweepers; but this was clearly a detail in the department, and not an appointment to a new and distinct position. By a subsequent provision of the section, "the members of the department of street cleaning shall be employed at all such times and during such hours and upon such duties as the commissioner of street cleaning shall direct for the purpose of an effective performance of the work devolving upon the said department." And while a sweeper acting as an assistant to the section foreman would be entitled to an increased compensation while so acting, we think it quite clear from the provision of this section that it was not intended to create a separate grade or position in the department, but to leave it as a matter of detail to the commissioner; the number of such assistants to be regulated from time to time as the necessity of the service required.

The same question, in substance, was presented in Buckley v. Roosevelt, 5 App. Div. 169, 39 N. Y. Supp. 78, in regard to the position of roundsman in the police department; and we held that a patrolman detailed to act as roundsman did not hold the position of roundsman by appointment, within the meaning of the veteran act, which prevented the police commissioners from remanding a roundsman to patrol duty, although such detail to the position of roundsman was made after a competitive examination. The distinction between the appointment to a position in the department and a detail to a specific duty is clearly preserved by this section of the charter. The only position in the department to which the relator was appointed was that of sweeper. It was intended that the commissioner should have power to detail sweepers to act as assistants to section foremen; but, as the number of such assistants depended upon the duties imposed upon the section foremen from time to time, the necessity of the situation required that the commissioner should have power to revoke such a detail when the services of an assistant to the foreman were not required.

There is no claim here that this relator was removed to make a place for another person. On the contrary, the commissioner has determined, in the exercise of his discretion, that the public service did not require that there should be 3 acting assistants to the section foreman when there were but 27 sweepers attached to this section; and it is a little difficult to see how 4 foremen should be essential to a section, when there were but 27 sweepers. We think the commissioner had power to revoke this detail, and that, when thus revoked, the relator was relegated to the position of sweeper, to which

he had been appointed, and was bound then to perform the duties of sweeper. The relator does not demand in this proceeding that he be restored to the position of sweeper, from which he was removed by the order of January 21st; nor does he deny the allegation of the commissioner that from the 4th to the 21st of January he absented himself from work as a sweeper, and failed to perform the duties required of him. By section 537 of the charter, it is provided that:

"Absence without leave of any member of the uniformed force for five consecutive days shall be deemed and held to be a resignation, and the member so absent shall at the expiration of said period cease to be a member of said force and may be dismissed therefrom without notice."

Acting under this authority, the commissioner had power to dismiss the relator from his position without notice.

It follows that the order appealed from must be affirmed, with costs. All concur.