(49 Misc. Rep. 327.)

## MORAN v. BAKER et al.

(Supreme Court, Special Term, New York County. February, 1906.)

MUNICIPAL CORPORATIONS—CIVIL SERVICE RULES—POSITION OR GRADE.

Under a rule of the municipal civil service commission providing that, in the relative weights of subjects of rating on any promotion examination, seniority of service in the position or grade from which promotion is sought shall count 20, the words "position or grade" refer to a position or grade as constituted by law, and a policeman is not entitled in his rating in promotion examinations for seniority of service as roundsman while patrolmen were detailed to such service, but only from the time the Greater New York charter took effect, under which an appointment as roundsman was first recognized as a position or grade.

Action by Patrick Moran against William F. Baker and others, composing the Municipal Civil Service Commission. Motion for peremptory writ of mandamus denied.

Weed, Henry & Meyers (Richard Weed, of counsel), for petitioner.

John J. Delany, Corp. Counsel (Terence Farley, of counsel), for respondents.

BLANCHARD, J. This is a motion for a peremptory writ of mandamus against the defendant and others, as commissioners composing the municipal civil service commission of New York, directing said commissioners to revise the marking of the petitioner upon an examination for promotion in the police department from roundsman to sergeant, and to include in said rating credit for seniority in service of the petitioner as roundsman from 1889 to 1895.

The petitioner was appointed patrolman in 1883, detailed as a roundsman in 1889, reassigned to patrolman in 1889, and promoted to roundsman in 1902. Rule 15 of the rules of the municipal civil service commission provides that, in the relative weights of subjects of rating in promotion examinations, "seniority of service in the position or grade from which promotion is sought" shall count 20. The respondents contend that the "position or grade" from which the petitioner seeks promotion did not exist until the Greater New York charter took effect, January 1, 1898, and that consequently no credit can be given for service of petitioner when detailed as a roundsman previous to 1898. The duty of roundsman was recognized in several statutes and, in the usage of the police department before 1898. People ex rel. Buckley v. Roosevelt, 5 App. Div. 168, 39 N. Y. Supp. 78; People ex rel. Colbert v. Knox, 57 App. Div. 155, 68 N. Y. Supp. 267. It seems, however, that the duty of roundsman, prior to 1898, was regarded as a detail, to which a patrolman might be assigned, and not as a separate grade or position. People ex rel. Buckley v. Roosevelt, supra. Not until the Greater New York charter went into effect did the assignment of patrolmen to duty as roundmen constitute a promotion. People ex rel. Colbert v. Knox, supra. If, therefore, the words "position or grade," in rule 15 of the rules of the municipal civil service commission, refer to a grade in the scale of promotion, they must be regarded as not including the detail to duty of roundsman as it existed prior to 1898. The context and intention of rule 15

indicate plainly that a grade or position in the scale of promotion was meant. Consequently the municipal civil service commission was justified in excluding from petitioner's rating any credit for service rendered upon his detail as a roundsman prior to 1898.

Motion denied, with $10 costs.